Adam Wolf (SBN 215914)
Email: awolf@peiffer.com
Peiffer Wolf Carr Kane Conway & Wise
3435 Wilshire Blvd., Suite 1400
Los Angeles, CA 90010
Telephone: 415.766.3545
Facsimile: 415-840-9435

Jonathan E. Levitt (admitted PHV)
Michelle L. Greenberg (admitted PHV)
Dae Y. Lee (admitted PHV)
Email:jlevitt@frierlevitt.com
mgreenberg@frierlevitt.com
dlee@frierlevitt.com
Frier Levitt, LLC
84 Bloomfield Avenue
Pine Brook, New Jersey 07052
Telephone: 973.618.1660
Facsimile: 973.618.0650

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

A.P. AND Y.Z.,

Plaintiff,

vs.

CHA HEALTH SYSTEMS, INC., COMPREHENSIVE HEALTH FOR ALL, FERTILITY MEDICAL GROUP, INC., D/B/A CHA FERTILITY CENTER LOS ANGELES, JOSHUA J. BERGER, M.D. AND SIMON HONG, PH.D.,

Defendant.

Case No.: 2:23-CV-01621-FLA-KES

**JOINT RULE 26(F) REPORT**

CONFERENCE DATE: 9/8/23
ACTION FILED: 07/12/19

Assigned to Hon. Fernando L. Aenlle-Rocha, Courtroom 6B, for all purposes including trial

Pursuant to Civil Local Rules 26 and Fed. R. Civ. P. 26, all parties, by and through their respective attorneys of record, hereby submit this Joint Schedule as follows:

**a. Statement of the Case:**

**Plaintiffs' Position:**

In 2018 Plaintiffs, A.P. and Y.Z. sought and obtained In Vitro Fertilization ("IVF") services from Defendants. Plaintiffs selected Defendants for IVF based on Defendants' marketing and representation of their success with IVF. Plaintiffs traveled from their home in New York to California to meet with the Defendants and began the IVF process. Plaintiff A.P. continued the IVF process in New York at the direction of Defendants and then returned to California for embryo transfer.

The first embryo transfer did not result in a pregnancy. Plaintiffs returned to New York and A.P. continued preparing her body for the second embryo transfer, which took place on August 16, 2018. Plaintiffs elected to have two female embryos transferred at that time. This second embryo transfer resulted in a viable pregnancy.

During A.P.'s pregnancy, she underwent an ultrasound that revealed that instead of carrying two female embryos, she was carrying two male embryos. Plaintiffs were surprised by this revelation and called Defendant Doctors Berger and Hong. Plaintiffs were told that the ultrasound technician likely made an error. A.P. carried to term and delivered on March 31, 2019.

Unfortunately, A.P. gave birth to two male babies who were unrelated to her husband and her. The babies were also unrelated to each other.

Plaintiffs were ordered to relinquish custody of each baby to his respective biological parent. Plaintiffs assert claims of malpractice, negligence, infliction of emotional distress, wanton and reckless misconduct, breach of contract, breaches of good faith and fair dealing, fiduciary duty, violation of consumer protection acts, misrepresentation, breach of duty to disclose, breach of duty to obtain informed

consent, bailment, battery, conversion, deceit, and fraudulent concealment.

Plaintiffs contend that Defendant CHA Fertility is owned, operated and controlled by CHA Health and that CHA Health is an international enterprise. Plaintiffs have not been able to set forth with more specificity the corporate structure since it has not received discovery sufficient to do so at this juncture. Nevertheless, corporate filings attached to prior pleadings set forth the interplay among the CHA Health and CHA Fertility defendants.

**Defendant CHA Health's Position:**

Defendant CHA Health contends that it does not own, operate, and control CHA Fertility. Plaintiffs conflate the defendants in this matter without any attempt to distinguish their different roles in the factual background that preceded this action. Defendant CHA Health Systems, Inc. ("CHA Health") did not provide any IVF treatment to Plaintiffs, and Plaintiffs do not allege otherwise. Plaintiffs only allege that CHA Health "is a business organized primarily for the purpose of providing operations and management of medical facilities." Plaintiffs sought IVF treatment only from Defendant Comprehensive Health for All Fertility Medical Group, Inc. dba CHA Fertility Center Los Angeles ("CHA Fertility"). The biological parents of the children born to Plaintiffs were also treated by CHA Fertility. Plaintiffs' entire "Statement of the Case" does not address any conduct by CHA Health whatsoever.

**Defendants Comprehensive Health for All Fertility Medical Group's (referred to as CHA Fertility above and below) and Dr. Hong's Position:**

In 2018 Plaintiffs, A.P. and Y.Z. sought and obtained In Vitro Fertilization

("IVF") services in Los Angeles, California. Plaintiffs, who were New York residents, travelled to California for all such care rendered by any defendant and all such care was rendered in California. CHA Fertility and Dr. Hong did not make false representations to plaintiffs about the ultrasound. All defendants are California residents.

**b. Subject Matter Jurisdiction:** The Court has jurisdiction based on diversity and by way of transfer from the Eastern District of New York.

**c. Legal Issues:** Plaintiffs contend that even though this case was transferred from the Eastern District of New York, New York law should still apply. Defendants contend that California law should apply.

Defendants have filed motions to dismiss certain causes of action. Plaintiffs opposed the motions, which remain pending in this Court.

**d. Parties and Evidence:**

1. Plaintiff A.P.
2. Plaintiff Y.Z.
3. Named Defendants CHA Health, CHA Fertility, Dr. Hong, Dr. Berger
4. Simon Hong, Ph.D.
5. Joshua Berger, M.D.
6. Yumie Lee
7. Jin Sung Seo
8. Yong Suk Kim
9. Kwang Yul Cha

CHA Fertility and Dr. Hong contend that not all witnesses listed by plaintiffs above will be relevant.

Key documents:

1. Plaintiffs' medical and billing chart;

2. Employee name and schedules of those working on various key/relevant dates;

3. Defendants' investigation files;

4. CHA Health and CHA Fertility corporate structure documents;

**e. Damages:**

Plaintiffs seek damages that include their emotional injuries and economic losses (*e.g.*, the IVF treatment, travel and lodging costs, out-of-pocket medical expenses).

Plaintiffs will rely on a jury to determine their damages.

**f. Insurance:**

CHA Health is insured under Policy No. XHL G46847817 002 issued by Illinois Union Insurance Company (Chubb) with a limit of $20 million. This policy has been produced to Plaintiffs in response to their document demands. Chubb is defending CHA Health in this action pursuant to a reservation of rights.

CHA Fertility was insured by Landmark American Insurance Company with limits of $1million per incident/$3 million aggregate, policy # LHC836164.

Dr. Berger is insured by The Doctor's Company $1,000,000/$3,000,000 aggregate.

**g. Motions:** The Defendants have filed partial Motions to Dismiss on several of the claims asserted in the First Amended Complaint, which Plaintiffs opposed. Defendant CHA Health seeks dismissal of the following counts: reckless and wanton misconduct (Count 5); breach of contract (Count 6); breach of the implied covenant of good faith and fair dealing (Count 7); breach of fiduciary duty (Count 8); violation of New York's consumer protection statute (Count 9); bailment (Count 13); conversion (Count 15); and deceit and fraudulent conduct (Count 16). Defendant CHA Fertility seeks dismissal of the same counts as well

as dismissal of the claims for intentional infliction of emotional distress (Count 4); misrepresentation (Count 10); and battery (Count 14). Those motions are pending before this Court, with a hearing date of October 13, 2023.

Defendant, Dr. Berger will be filing a motion for determination of good faith settlement.

All parties anticipate filing motions for summary judgment and/or adjudication.

**h. Dispositive Motions:**

See above regarding motions to dismiss and for summary judgment.

i. **Manual for Complex Litigation:** Not applicable.

**j. Status of Discovery:**

**Plaintiffs' Position:**

The parties were directed by the District Judge to engage in full discovery while the case was pending in New York. Plaintiffs served discovery but Defendants challenged the non-jurisdictional discovery to the Magistrate Judge who issued an order directing the parties to engage in jurisdictional-related discovery only. The Magistrate Judge later directed the parties to engage in full discovery. However, shortly thereafter the case was transferred to this Court and the Defendants did not respond to the supplemental discovery demands.

Plaintiff served additional discovery prior to the order transferring the case to this Court, but Defendants have not yet responded. Plaintiffs also previously served deposition notices, but no witnesses were produced.

**Position of Defendant CHA Health:**

CHA Health agrees that the parties engaged in jurisdictional discovery while the case was pending in the Eastern District of New York. CHA Health also agrees that no depositions have yet taken place. CHA Health states further as follows:

Plaintiffs served discovery on all Defendants on February 28, 2020. On that date, Plaintiffs served Defendants with 334 requests for admission and 158

document demands, all of which sought information regarding jurisdiction and the merits. All of Plaintiffs' discovery demands sought information from "Defendants" generally as opposed to specifying the discovery sought from each individual Defendant.

All Defendants sought a protective order based upon the volume of Plaintiffs' discovery demands and the lack of the demands' specificity as to each Defendant. On August 14, 2020, Magistrate Judge Pollak of the Eastern District of New York granted Defendants' motions for a protective order and limited Plaintiffs to a choice of 25 interrogatories or 25 requests for admission directed to specific Defendants. Magistrate Judge Pollak also limited Plaintiffs' jurisdictional discovery demands to those pertaining to the jurisdictional analysis set forth in *Daimler AG v. Bauman*, 571 U.S. 117 (2014).

On October 1, 2020, Magistrate Judge Pollak ordered Plaintiffs to serve their revised discovery demands by October 9, 2020 and ordered Defendants to respond to the revised demands within 30 days of service. CHA Health served it answers to Plaintiffs' amended interrogatories on November 9, 2020 and its responses to Plaintiffs' amended document demands on November 23, 2020. On January 8, 2021, CHA Health served Plaintiffs with a supplemental response to their document demands. Between January 2021 and the fall of that year, the parties engaged in multiple meet-and-confer conferences and status conferences with Magistrate Judge Pollak regarding the scope of permissible jurisdictional discovery in light of her August 14, 2020 order.

On November 8, 2021, all Defendants' Rule 12 Motions to Dismiss for lack of personal jurisdiction or to transfer venue were fully briefed. The Motions to Transfer Venue were granted on February 13, 2023. Plaintiffs did not seek discovery from CHA Health during this time period.

**Position of CHA Fertility and Dr. Hong:**

CHA Fertility and Dr. Hong agree with the above position by CHA Health. CHA Fertility and Dr. Hong also served discovery responses to the above discovery in the above referenced time frame. Thereafter, plaintiffs also did not pursue discovery against CHA Fertility and Dr. Hong.

**k. Discovery Plan:**

The parties will engage in discovery including the following:

1. Written discovery, including interrogatories, requests for production of documents, requests for admissions, and depositions on the following topics:

a. Marketing and advertising of Defendants' respective services;

b. Defendants' individual policies and procedures for the operation of the medical practice and lab;

c. Investigation and determination of investigation relating to the IVF error;

d. Defendants' individual corporate structures and employee relationships;

e. Plaintiffs' injuries.

**l. Discovery Cut-off:**

As reflected in the attached worksheet, the parties propose a fact discovery cut-off of May 31, 2024.

**m. Expert Discovery:**

As reflected in the attached worksheet, the parties propose a deadline of June 7, 2024 for their initial expert disclosures, of June 21, 2024 for rebuttal expert disclosures, and of July 5, 2024 for the closure of expert discovery.

**n. Settlement Conference/Alternative Dispute Resolution ("ADR"):**

In 2019, the parties engaged in mediation but were unsuccessful in resolving the case.

The parties are scheduled for private mediation on October 4, 2023.

**o. Trial Estimate:**

The parties estimate 10 days for trial, inclusive of jury selection.

**p. Trial Counsel:**

For Plaintiffs: Jonathan E. Levitt, Michelle L. Greenberg, Adam Wolf

For Defendant CHA Health: Michael J. O'Malley, Shannon L. Santos

For Defendants CHA Fertility and Dr. Hong: Louise M. Douville and Todd E. Croutch.

**q. Independent Expert or Master:**

At the present time, the parties do not anticipate the need for an independent expert or master.

**r. Schedule Worksheet:** See attached.

**s. Other Issues:**

Plaintiffs have sought information and documents relating to the IVF error and the investigation that are critical to Plaintiffs' claims. Defendants assert they are protected and not subject to disclosure.

Plaintiff Y.Z. may require a Korean translator for the trial.

At least one witness resides in Korea.

Dated: August 25, 2023 Frier Levitt, LLC

By: */s/ Michelle L. Greenberg*______________
Michelle L. Greenberg
Jonathan E. Levitt
Dae Y. Lee
Attorneys for Plaintiffs, A.P. and Y.Z.

Dated: August 25, 2023 Peiffer, Wolf, Carr, Kane, Conway & Wise

By: */s/ Adam Wolf*
Adam Wolf
Attorney for Plaintiffs, A.P. and Y.Z.

Dated: August 25, 2023 La Follette, Johnson, Dehaas, FESLER & AMES

By: */s/ Adam L. Robinson*
Adam L. Robinson
Attorney for Defendant, Joshua J. Berger, M.D.

Dated: August 25, 2023 Wilson, Elser Moskowitz, Edelman & Dicker, LLP

By: */s/ Shannon L. Santos*
Michael J. O'Malley
Shannon L. Santos
Attorneys for Defendant, CHA Health Systems, Inc.

Dated: August 25, 2023 Fraser Watson Croutch

By: */s/ Todd Croutch*
Todd Croutch
Louise M. Douville
Attorneys for Defendants, CHA Fertility and Simon Hong, Ph.D.

## CERTIFICATE OF SERVICE

STATE OF NEW JERSEY ]
] ss.
COUNTY OF MORRIS ]

I am employed by Frier Levitt in the County of Morris, State of New Jersey. I am over the age of 18 and not a party to the within action; my business address is Frier Levitt, LLC, 84 Bloomfield Avenue, Pine Brook, New Jersey 07058. I am admitted Pro Hac Vice to this Court.

I hereby certify that on August 25, 2023, I caused all of the pages of the foregoing documents described as **JOINT RULE 26(F) REPORT,** to be electronically filed with the United States District Court, Central District of California by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system regarding the case of A.P. and Y.Z. v. CHA Health Systems, Inc., et al., Court Case No. 2:23-cv-01621-FLA-KES, Our Matter No. 4753.100.

I declare under penalty of perjury under the law of the United States of America that I am admitted Pro Hac Vice to this Court and that the forgoing is true and correct.

Executed on August 25, 2023, in Pine Brook, New Jersey.

/s/ Michelle L. Greenberg

Michelle L. Greenberg, Esq.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

A.P. and Y.Z.,

Plaintiffs,

vs.

CHA HEALTH SYSTEMS, INC., COMPREHENSIVE HEALTH FOR ALL, FERTILITY MEDICAL GROUP, INC., CHA HEALTH SYSTEMS, INC. D/B/A CHA FERTILITY CENTER LOS ANGELES, CHA FERTILITY CENTER LOS ANGELES, JOSHUA J. BERGER, M.D. and SIMON HONG, PH.D.,

Defendant.

Civil No.: 2:23-cv-01621-FLA-KESx

**[PROPOSED] ORDER ON JOINT RULE 26(F) REPORT**

*(Filed Concurrently with Stipulation)*

CONFERENCE DATE: 9/8/23
ACTION FILED: 07/12/19

Assigned to Hon. Fernando L. Aenlle-Rocha, Courtroom 6B, for all purposes including trial

Plaintiffs A.P. and Y.Z., and Defendants CHA HEALTH SYSTEMS, INC., COMPREHENSIVE HEALTH FOR ALL FERTILITY MEDICAL GROUP, INC., D/B/A CHA FERTILITY CENTER LOS ANGELES, JOSHUA J. BERGER, M.D. and SIMON HONG, PH.D., by and through their attorneys of record, having hereby stipulated, and good cause being shown therefrom, it is hereby ordered that:

Based on the foregoing, IT IS HEREBY ORDERED, by and between Plaintiffs, A.P. and Y.Z., and Defendants, through their respective counsel of record that:

The Joint Rule 26(f) Report is hereby GRANTED.

IT IS SO ORDERED:

Dated: ____________

______________________________
Hon. Fernando L. Aenlle-Rocha

**CERTIFICATE OF SERVICE**

STATE OF NEW JERSEY ]
] ss.
COUNTY OF MORRIS ]

I am employed by Frier Levitt in County of Morris, State of New Jersey. I am over the age of 18 and not a party to the within action; my business address is Frier Levitt, LLC, 84 Bloomfield Avenue, Pine Brook, New Jersey 07058. I am admitted Pro Hac Vice to this Court.

I hereby certify that on August 25, 2023, I caused all of the pages of the foregoing documents described as **PROPOSED ORDER TO JOINT RULE 26(F) REPORT** to be electronically filed with the United States District Court, Central District of California by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system regarding the case of A.P. and Y.Z. v. CHA Health Systems, Inc., et al., Court Case No. 2:23-cv-01621-FLA-KES, Our Matter No. 4753.100.

I declare under penalty of perjury under the law of the United States of America that I am admitted Pro Hac Vice to this Court and that the forgoing is true and correct.

Executed on August 21, 2023, in Pine Brook, New Jersey.

/s/ Michelle L. Greenberg

Michelle L. Greenberg, Esq.