UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| A.P., et al., | Case No. 2:23-cv-01621-FLA (KESx) |
|---|---|
| Plaintiffs, | **ORDER GRANTING DEFENDANT JOSHUA M. BERGER'S UNOPPOSED MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT [DKT. 174]** |
| v. | |
| CHA HEALTH SYSTEMS, INC., et al., | |
| Defendants. | |

## RULING

Before the court is Defendant Joshua M. Berger, M.D.'s ("Berger") unopposed Motion for Determination of Good Faith Settlement ("Motion"). Dkt. 174 ("Mot."). On October 18, 2023, the court found this matter appropriate for resolution without oral argument. Dkt. 178; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons stated herein, the court GRANTS Defendant Berger's Motion in its entirety.

## BACKGROUND

On July 1, 2019, Plaintiffs A.P. and Y.Z. ("Plaintiffs") filed the Complaint in the United States District Court for the Eastern District of New York, asserting claims against Defendants Comprehensive Health for All Fertility Medical Group ("CHA Medical Group"), CHA Health Systems, Inc. ("CHA Health Systems"), CHA Fertility

1

Center Los Angeles ("CHA Fertility LA") (collectively the "CHA Parties"), Berger, and Simon Hong, Ph.D. ("Hong") (all together "Defendants"). Dkt. 1. Plaintiffs allege they entered into a contract with the CHA Parties for an in vitro fertilization ("IVF") procedure. *Id.* ¶¶ 30–32, 48–50. According to Plaintiffs, Defendants performed an ultrasound guided embryo replacement of two of Plaintiffs' female embryos that were later discovered not to match Plaintiffs genetically, after birth, and that matched two other, unrelated couples instead. *Id.* ¶¶ 55–87. Plaintiffs further allege they were required to relinquish custody of the two babies to the other couples and that they have not been advised of what happened to the two embryos that were supposed to have been transferred to A.P. during the IVF procedure. *Id.* ¶¶ 91–92. In the Complaint, Plaintiffs allege sixteen causes of action, including for: medical malpractice, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duties, and fraud.

On September 18, 2023, Defendant Berger filed the subject Motion, stating he had entered into a settlement agreement with Plaintiffs and requesting dismissal from the action and discharge from all liability for claims for contribution or indemnity arising from any alleged past negligence, act, omission, or misconduct in connection with the subject matter of this litigation. Mot. at 1–2. No party has filed an opposition to the Motion as of the date of this Order.

## **DISCUSSION**

Under California law, "[w]here a release … is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, ... (b) [i]t shall discharge the party to whom it is given from all liability for any contribution to any other parties." Cal. Code Civ. Proc. § 877(b) ("Section 877(b)"). As a check on the validity of settlement agreements that might affect joint tortfeasors not a party to the settlement, California law requires the court to make a determination that a settlement has been entered in good faith before that settlement

can become final.  *See* Cal. Code Civ. Proc. § 877.6 ("Section 877.6").  A settling party may seek a good faith settlement determination under Section 877.6 in federal court.  *See Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990).

In *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985), the California Supreme Court defined a "good faith" settlement under Section 877.6 to mean a settlement "within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries."  To evaluate whether a settlement falls within the reasonable range, courts must consider factors including: (1) "a rough approximation of the plaintiff's potential recovery and the settlor's proportionate liability," (2) "the amount paid in settlement," (3) "the allocation of settlement proceeds among plaintiffs," (4) "a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial," (5) "the financial conditions and insurance policy limits of settling defendants," and (6) any evidence of "collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants."  *Id.*  The burden of proving that a settlement was not made in good faith is on the nonsettling tortfeasor.  Cal. Code Civ. Proc. § 877.6(d).  A court need not consider and weigh the *Tech-Bilt* factors when a motion for good faith determination is uncontested.  *City of Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251, 1261 (1987) ("[W]hen no one objects, the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient.").

Defendant Berger states he reached a settlement with Plaintiffs whereby his professional liability insurance carrier, The Doctor's Company ("TDC"), will pay Plaintiffs a total of $200,000 for his dismissal from this action with prejudice and the execution of a release of all claims.  Dkt. 174-1 ("Mot. Br.") at 2–3; Dkt. 174-3 (Berger Decl.) ¶ 5.  As the Motion is unopposed, the declaration accompanying the Motion is sufficient, and the court need not consider the *Tech-Bilt* factors.  *See Grand Terrace*, 192 Cal. App. 3d at 1261; *see also* Local Rule 7-12 ("The failure to file any

required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion ….").  The court, therefore, GRANTS the Motion and finds that the proposed settlement was entered into by the parties in good faith.

### CONCLUSION

For the foregoing reasons, the court GRANTS Defendant Berger's Motion and DISMISSES him from this action with prejudice.  All claims against Defendant Berger for equitable comparative contribution, and/or partial or comparative indemnity are barred.

IT IS SO ORDERED.

Dated: October 26, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge